**71 P.(2d) 654**

**ARMSTRONG v. LLANO DEL RIO CO. et al.**

No. 4232.

Supreme Court of New Mexico.

Aug. 30, 1937.

Carl P. Dunifon and H. H. Cowles, Jr., both of Silver City, and W. C. Whatley, of Las Cruces, for appellants.

C. C. Royall, of Silver City, for appellee.

BRICE, Justice.

This suit was brought to recover possession of certain real estate situated in Grant county, N. M., resulting in a judgment for plaintiff (appellee). The essential facts are as follows:

On the 27th day of December, 1927, J. D. Armstrong and Mary B. Armstrong, husband and wife, entered into a contract with Julian M. Bassett and Cora B. Bas-

sett, husband and wife, whereby the Armstrongs agreed to sell to the Bassetts certain tracts of land in Grant county, N. M., for upwards of $87,000, to be paid in installments; upon payment of which the Armstrongs agreed to deliver a deed.

There were numerous covenants which the Bassetts agreed to perform, and it was provided that in case they failed to keep any of them before a deed of conveyance had been executed to them that " * * * they shall, at the option of the Sellers, their heirs, legal representatives or assigns, forfeit their right to the possession thereof, and shall, upon the demand of the Sellers, their heirs, legal representatives or assigns, deliver up immediate possession of said premises, with appurtenances, to the Sellers, their heirs, legal representatives or assigns, or to their agents, and shall also forfeit to the Sellers, their heirs, legal representatives or assigns, as liquidated damages for such failure, neglect or refusal, all payments theretofore made or property assigned or conveyed to apply upon the purchase price of said premises."

It was also provided:

"And in case the Purchasers shall fail to make the payments aforesaid, or any of them, as above mentioned, or shall fail to perform and complete each and all of the Purchasers' agreements and stipulations aforesaid, without failure or default, then this contract, so far as it may bind said Sellers, shall become utterly null and void and all rights and interest hereby created, or then existing, in favor of, or derived from the Purchasers shall cease, and the right of possession and all equitable and legal interests in said premises shall revert to and revest in the said Sellers, without any declaration of forfeiture or act of re-entry, or any other act by said Sellers to be performed, and without any right of said Purchasers of reclamation or compensation for moneys paid or services performed, as absolutely, fully and perfectly as if this contract had never been made.

"And it is further agreed that the said Sellers shall have the right immediately, upon failure of the Purchasers to comply with the stipulations to enter upon the lands and premises aforesaid and take immediate possession thereof, together with the improvements and appurtenances thereto belonging. And the said Purchasers hereby covenant and agree that the Purchasers will thereupon surrender to said sellers the said land and premises and appurtenances without delay or hindrance, and that no Court shall relieve the Purchasers from the consequences of a failure to comply with this contract."

The Armstrongs entered into what was styled "A Supplemental Agreement" on the 21st day of February, 1933, between them, of the first part, and the appellant Llano Del Rio Company (hereafter called appellant), of the second part, and the Bassett Land & Livestock Company (successor to the Bassetts), of the third part; whereby appellant acquired the interest of the Bassetts in the original contract, except certain portions of the land that had been sold by agreement of parties. There was

some slight modification of the terms of the original contract. The following provision appears therein:

"Except as herein modified, all the terms, conditions, provisions, and covenants in the original agreements above referred to shall be and remain in full force and effect as heretofore, and as binding on the party of the second part as if it were a party thereto."

Thereafter, on February 21, 1933, a letter was addressed to the appellant on the stationery of the Merchants Bank Building Company and signed P. E. Thayer, secretary, on which the following appears:

"Approved and accepted.
"Llano Del Rio Company
"By Geo. T. Pickett, President."

The parties treat this as an amendment of the contract, though not signed by the Armstrongs. The first paragraph of the letter is as follows:

"The following provisions are hereby mutually agreed upon between the Llano Del Rio Company and J. D. Armstrong and Cora H. Armstrong, and are understood to be a part and parcel of that said agreement made and entered into by and between the said parties on the twenty-first day of February, 1933."

The manner and dates of payment of the balance due were modified. New security was taken on property in Louisiana. Paragraph 4 is as follows:

"That in the event a default shall occur in the payments and/or other terms of the said agreement of even date herewith, the parties of the first part may at their elec-

tion enter upon any or all of the premises described therein, and sell the same in such portions on such terms, and for such amounts as the said parties or their representatives may elect, and the proceeds of sale so received shall be applied on the sum or sums due under said contract."

The appellant failed to perform a number of the covenants it agreed to perform and the appellee declared a forfeiture of the contract. Appellant states in its brief:

"All of the assignments of error relate to alleged error of the court in holding that the appellants were in default in the performance of their contract, and that the appellee therefore had the right to forfeit their rights under the contract, and such assignments will, therefore, be presented as appellants' sole point for reversal.

"The rights of the parties depend entirely upon the three contracts: Exhibit A (Rec. p. 13); Exhibit B (Rec. p. 27), and Exhibit C (Rec. p. 34). Under the provisions of Exhibit A, being the original contract with the Bassetts, appellee had the undoubted right, on failure of appellants to pay in exact accordance with the terms of that contract, to forfeit the appellants' rights under the contract. Exhibit B modified the terms of that original contract only to the extent of changing the terms and time of payment of the purchase price and as fixing a new and different purchase price. * * *

"It was upon the trial and is now the contention of appellants that this provision of the contract, which was written by

the 'real party in interest' necessarily operated to modify the terms of the two preceding contracts, and especially the contract providing for forfeiture in event of nonpayment exactly as provided for." (Referring to paragraph 4 of letter.)

It is contended that all provisions for forfeiture in the original contract, which we have quoted, were eliminated by section 4 of the letter mentioned. Appellant states that appellee "saw fit to waive and expressly did waive his right to forfeit the contract in event of non-payment, as and when specified, and contracted for an entirely different remedy, to-wit, the right to enter upon and sell off any part or all of the lands in question and to apply the proceeds of sale on the 'sum or sums due under said contract.' Having thus contracted, he had no right to recover under his complaint in this case, unless and until he might have shown in evidence (if such could have been shown) that he had endeavored to exercise this remedy and had been unsuccessful by reason of inability to find purchasers, and even then the right to forfeit was gone."

But little need be said regarding this contention. The letter did not eliminate the forfeiture provisions of the original contract. Where there was conflict, of course the letter prevails, but otherwise the contract stands as originally written. Indeed the provision in the letter is that its terms "are understood to be a part and parcel of that said agreement made and entered into by and between the said parties on the 21st day of February, 1933."

All terms of the original contract, not in conflict with those of the letter, remain in force. Section 4 of the letter provided for an additional remedy in case of default, to which "the parties of the first part might at their election, resort." If section 4 had been written into the original contract, there could be no question of a conflict, as it is only an additional remedy in case of appellants' default, given appellee to be exercised at his election. There is not the slightest evidence of an intent to cancel any provision of the original contract regarding forfeiture.

Appellants cite 13 C.J., title "Contracts," § 645, as follows: "Provisions for forfeiture may be waived by the person entitled to enforce them, either expressly or by implication, and the courts as a rule are quick to take advantage of circumstances indicating such an intention, although a waiver cannot be inferred from mere silence."

This has no reference to the cancellation of forfeiture provisions in a contract; but to the waiver of an existing right of forfeiture by some act inconsistent with an intention to exercise it. Appellants concede that if the provisions for forfeiture had not been canceled, then they were properly exercised if in fact it was in default.

There were offers made to purchase two tracts of the land, for $12,000, a sufficient sum to liquidate the past-due indebtedness if paid in cash, but the cash payment offered was but $500, which, of course, was insufficient to pay arrears.

Appellants contend that it was the duty of appellee under the terms of paragraph 4 of the letter mentioned to accept such offer and credit appellant's indebtedness with $12,000, in which case there would be no default. But the terms of said paragraph 4 are not mandatory upon appellee and he elected to resort to the remedy of forfeiture rather than to that of selling land, even assuming such sale would pay up the arrears. We have examined the record and find that appellant had broken a number of the covenants in the contract in addition to its default in failing to make its payments, and the forfeiture was not declared alone on account of default in payments of purchase money and interest.

We find no error in the record and the judgment of the district court is affirmed.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.